HENSZEY et al. v. LANGDON-HENSZEY COAL MIN. CO.

(Circuit Court, E. D. North Carolina. March 26, 1897.)

1. RECEIVERS—PETITION FOR REMOVAL—MOTION FOR LEAVE TO INSPECT MINE.
    A petition by a stockholder and bondholder of an insolvent company to inspect a mine either in person or by agent, with a view to having the receiver in charge thereof removed, is in the nature of a motion made for the production, by parties, of books or writings in their possession, or motion for inspection of writings or examination of parties before trial, and being made by a party in interest, and entitled to the knowledge sought, will be granted by a federal court.

2. SAME—EVIDENCE.
    An inspection made pursuant to such a petition gives the party inspect-ing only the ordinary powers, and his report is subject to the same rules of evidence as the testimony of any other witness.

John W. Hinsdale, for petitioner S. P. Langdon.

MacRae & Day, Womack & Hayes, and Simmons & Ward, for receiver.

SIMONTON, Circuit Judge. A petition has been filed in the main cause by S. P. Langdon, a stockholder and bondholder of the defendant company. The purpose of the petition is to secure the removal of the receiver. One of the grounds for removal is mismanagement and waste on the part of the receiver. The receiver is in charge of the mines worked by the company, and in exclusive possession of them, under the order of this court. The motion now under consideration is that the petitioner, S. P. Langdon, be permitted to examine the mines by a person named Davis, in order that he should see if the grounds upon which he has based his petition are well founded. This motion the receiver resists. The discussion of the motion seems to proceed on the idea that, if the motion be granted, the person selected by Langdon will be clothed with a sort of official responsibility, and will make a report for the consideration of the court with more or less authority. This is by no means the case. If the motion be granted, Davis will be the agent of Mr. Langdon; no more and no less. He may or may not testify to all that he sees. If he does testify, his evidence will be taken as that of any other witness, subject to any proper exception, liable to any rebuttal, and exposed to any attack. Neither the court, nor any party to the cause,—least of all the receiver,—will be responsible for him in the smallest degree.

The motion appears to me to be analogous to the motion made for the production, by parties, of books or writings in their possession, which contain evidence pertinent to the issue (Rev. St. U. S. § 724), and to the motions under the Code practice for admission or inspection of writings or examination of the parties, before trial. The petitioner, a party in interest in the main cause, one of those whom the receiver represents, wishes to examine the mines in charge of the receiver. He cannot do so in person. He wishes to do so by agent in whom he confides. He is entitled to this knowledge. It is for himself only, certainly, in the first instance. It is ordered that the petitioner have access to the mines for the purpose indicated at such time as will not interfere with the working thereof, either in person or by any one agent whom he may select. The receiver may require that he himself or some other person selected by him shall accompany the agent selected by the petitioner; this visit to be limited to one occasion, the petitioner to be at liberty to employ as his agent Evan H. Davis.